*tory statement.* In an action to recover a penalty under section 2 of the Act of 1895, J. & A. ¶ 7602, *held* that a verdict could not be complained of on the ground that the basis of value should have been the value of the property at the date of seizure instead of at the date of sale, where the property was sold five days after it was seized and it was shown to be in substantially the same condition at the time of sale as when it was seized, and there was no evidence of a change of value; but also *held* that the statute seems to require the value to be fixed as of the date of sale.

3. CHATTEL MORTGAGES, § 267*—*when evidence insufficient to establish delivery of statutory statement to mortgagor.* In an action of debt brought by a chattel mortgagor against the mortgagee to recover the penalty provided by section 2 of the Act of 1895, J. & A. ¶ 7602, for failure of the mortgagee to deliver a statement showing the items of property sold, etc., under a power of sale contained in the mortgage, an attempt on the part of defendant to show that such statement had in fact been "delivered by mail," *held* insufficient, where the witness testified he could not say when he mailed the letter nor to whom the letter was addressed, and it was admitted it was not mailed to plaintiff.

4. APPEAL AND ERROR, § 1241*—*when party cannot complain of language in instructions.* Appellant cannot complain of the language of instructions of his adversary where the instructions offered by himself contained the same language.

---

## Joseph Bienias, Appellee, v. John Brucker and Henry Brucker, Appellants.

### Gen. No. 19,325.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed with finding of facts. Opinion filed June 15, 1914. Rehearing denied June 29, 1914.

### Statement of the Case.

Action by Joseph Bienias against John Brucker and Henry Brucker to recover damages for personal injuries sustained by plaintiff while employed by defendants as a "chipper" of castings. It appeared that

*See Illinois Notes Digest, Vols. XI to XV, and Cumulated Quarterly, same topic and section number.

plaintiff was using an emery wheel machine and that a foreman ordered him to grease certain belts which ran the machine; that in greasing the same he used a stick of graphite by placing it against the inside of the belt at a place where it was running towards a pulley and his hand caught between the belt and pulley. From a judgment in favor of plaintiff for $2,000, defendants appeal.

CHARLES F. FRITZ and DAVID A. OREBAUGH for appellants.

ROYAL W. IRWIN and FRANK W. KORALESKI, for appellee.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 410*—*when compliance with order of foreman does not relieve of assumption of risk.* A servant is not relieved from the doctrine of assumption of risk in doing work in obedience to an order of a foreman where he has complete knowledge of all the dangers attendant upon a compliance with the order.

2. MASTER AND SERVANT, § 411*—*when recovery for injuries resulting to employe while greasing belt not warranted by the evidence.* In an action by an employe for personal injuries caused by his hand catching between a belt and a pulley while attempting, in obedience to an order of a foreman, to grease a belt which operated an emery wheel machine at which he worked as a "chipper" of castings, *held* that a verdict for plaintiff was not sustained by the evidence, it appearing that the order of the foreman was a general one "to grease the belts," that the dangers were plainly apparent and fully known to plaintiff and that he chose an unsafe method of greasing the belt.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.